UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEE WEAVER,

   Plaintiff,

v.                                         CASE NO.:

AMERICAN MEDICAL
RESPONSE, INC.,

   Defendant.
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, Lee Weaver, by and through the undersigned counsel, and sues Defendant, AMERICAN MEDICAL RESPONSE, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## **INTRODUCTION**

1. The TCPA was enacted to prevent companies like AMERICAN MEDICAL RESPONSE, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

1

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (DeKalb County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within DeKalb County, Georgia.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in DeKalb County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, AMERICAN MEDICAL RESPONSE, INC., is a corporation which was formed in Delaware with its principal place of business located at 6200 South Syracuse Way, Suite 200, Greenwood Village, Colorado 80111, and which conducts business in the State of Georgia through its registered agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

11. AMERICAN MEDICAL RESPONSE, INC. called Plaintiff approximately 700 times since early 2014, in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls AMERICAN MEDICAL RESPONSE, INC. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or

4

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and that she also received prerecorded messages from AMERICAN MEDICAL RESPONSE, INC.

13.     Plaintiff is the regular user and carrier of the cellular telephone number (678) ***-6601, and was the called party and recipient of Defendant's calls.

14.     Beginning in early 2014, AMERICAN MEDICAL RESPONSE, INC. began bombarding Plaintiff's cellular telephone (678) ***-6601 in an attempt to collect a debt.

15.     Shortly after the calls from AMERICAN MEDICAL RESPONSE, INC. began the Plaintiff revoked her consent to be called by AMERICAN MEDICAL RESPONSE by requesting that the calls stop. Specifically, the Plaintiff spoke with agents of Defendant and requested that Defendant "Please stop calling me constantly."  Each call AMERICAN MEDICAL RESPONSE, INC. made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

16. Despite Plaintiff clearly instructing AMERICAN MEDICAL RESPONSE, INC. to stop calling, Defendant continued its' robo-call campaign against Plaintiff.

17. AMERICAN MEDICAL RESPONSE, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18. AMERICAN MEDICAL RESPONSE, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or AMERICAN MEDICAL RESPONSE, INC., to remove the number.

19. AMERICAN MEDICAL RESPONSE, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to AMERICAN MEDICAL RESPONSE, INC. they do not wish to be called.

20. AMERICAN MEDICAL RESPONSE, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

21. AMERICAN MEDICAL RESPONSE, INC. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22. AMERICAN MEDICAL RESPONSE, INC. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

23. AMERICAN MEDICAL RESPONSE, INC.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from AMERICAN MEDICAL RESPONSE, INC. call list.

24. AMERICAN MEDICAL RESPONSE, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25. Not one of AMERICAN MEDICAL RESPONSE, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. AMERICAN MEDICAL RESPONSE, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

27. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## **COUNT I**
**(Violation of the TCPA)**

28. Plaintiff fully incorporates and re-alleges paragraphs one through twenty-seven (1-27) as if fully set forth herein.

29. AMERICAN MEDICAL RESPONSE, INC. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified AMERICAN MEDICAL RESPONSE, INC. that Plaintiff wished for the calls to stop

30. AMERICAN MEDICAL RESPONSE, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against AMERICAN MEDICAL RESPONSE, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
tgomez@forthepeople.com
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)